### SHIELDS v. LOZEAR.

1. Where a trial has taken place before a judge, a jury being waived, a defendant in error who is successful is not entitled to double costs in this court.
2. The proper method of doubling costs is to tax single costs and multiply them by two.

On error.   Motion to reduce costs.   (See case, *ante* 496.)

For the motion, *J. Vanatta.*

Contra, *J. G. Shipman.*

BEASLEY, CHIEF JUSTICE.   This was a case tried before a judge, a jury being waived in accordance with the statutory provision to that effect.   The defendant brought the case to this court on a writ of error, and the judgment having passed against him, there was an affirmance in this court, and thereupon double costs have been taxed.   The present motion is to reduce this bill to single costs.

The act regulating costs declares that "if any person shall sue or prosecute any writ of error for reversal of any judgment whatsoever, given after any verdict in any court of record of this state, and the judgment shall afterwards be affirmed, then such person shall pay unto the defendant in the said writ of error his or their double costs." *Nix. Dig.* 325, § 12.*

This statute, by its terms, applies only to judgments moved after *verdict.*   The provision being thus confined to a single case, it is not perceived how it can properly be extended to others.   Where the language of a statute is thus clear and explicit, there is no room for construction.   And more especially is this the case where the statute, as in the present instance, partakes of a penal character.   There is nothing in the act authorizing the parties to waive a jury, which evinces any design to annex costs to an unsuccessful attempt to reverse a judgment founded on the finding of the

*Rev., p. 412, § 20.

judge. The provision is, that judgment shall be "given thereon in like manner as in case of a verdict." *Nix. Dig.* 744, § 200.* This expression has obviously no relation to the judgment in a Court of Errors. Statutes giving costs are always construed strictly. 19 *Wend.* 225.

There was another point raised on the argument, which, as a matter of practice, it is well to notice. In this case costs were taxed and then multiplied by two, and it was insisted that this was not the legal mode of doubling costs. This is admitted not to be the English method of computation, which is, to add to single costs one-half of their amount. 2 *Tidd.* 987. But this mode of calculation has never been followed in this state. There are two decisions of the Supreme Court which sanction the course taken in the present case. *Crane* v. *Dod, Penn.* 340; *Mairs* v. *Sparks,* 2 *South.* 517. Until altered by a recent statute, the practice in New York accorded in this respect with our own. 9 *Wend.* 443.

The objection has been noticed only for the purpose of indicating an opinion in this court.

On the first ground taken, the motion to re-tax is sustained.